UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| LOCK REALTY CORPORATION IX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:06-CV-487RM |
| | ) | |
| U.S. HEALTH, LP, et. al. | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This is the second action alleging breach of lease, breach of guaranty and for immediate possession/ejectment arising out of plaintiff Lock Realty's lease of a nursing home to defendant U.S. Health. In this suit, Lock Realty alleges that U.S. Health and its limited partners John Bartle, Rebecca Bartle, and Larry New breached their lease by assigning it to Americare III contrary to the lease clause that prohibited such assignments without Lock Realty's written consent. Lock Realty further alleges that the defendants also breached their lease by failing to pay rent for the months of June, July and August in the total amount of $318,500.91. Each of the defendants have filed a motion to dismiss this suit. For the reasons set forth below, the court denies these motions.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not its underlying merits, see Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990), and the court must accept all factual allegations in the complaint as true and draw all reasonable inferences

from those facts in the plaintiff's favor. Slaney v. Int'l Amateur Athletic Fed'n., 244 F.3d 580, 597 (7th Cir. 2001). Dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts entitling him to relief. Szumny v. American Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001).

The defendants contend that Lock Realty's claims have already been litigated before this court, so *res judicata* bars this suit. The defendants also argue that Americare III should be dismissed as a party from this suit because no claims have been made against it. The court addresses each of these arguments in turn.

The doctrine of *res judicata* states that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). In a diversity suit, federal law determines a prior federal judgment's *res judicata* effect. *See* Marwil v. Farah, 2003 WL 23095657, *4 (S.D. Ind. Dec. 11, 2003). The requirements of *res judicata* under federal law are: "(1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits." Central States, Southeast and Southwest Areas Pension Fund v. Hunt Truck Lines, Inc., 296 F.3d 624, 628 (7th Cir. 2002).  Once these elements are satisfied, *res judicata* "bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action." Brzostowski v. Laidlaw Waste Systems, Inc., 49 F.3d 337, 338 (7th Cir. 1995).

The defendants argue that this lawsuit filed by Lock Realty, referred to as "Lock II," is identical to the lawsuit Lock Realty filed on November 2, 2005,

referred to as "Lock I." The claims in Lock I were breach of lease agreement, breach of guaranty, and immediate possession or ejectment. The claims in Lock II are breach of lease agreement, breach of guaranty, and immediate possession or ejectment. Both Lock I and Lock II are based on the same lease agreement and guaranties. The defendants further argue that the identity of the parties and final judgment on the merits elements are satisfied because the court has entered a final judgment in Lock I against all of the defendants in Lock II.[1] Therefore, the defendants say, all of the elements of *res judicata* are met and this suit should be dismissed.

Lock Realty concedes that there is an identity of the parties and a judgment on the merits in Lock I, but disputes that the claims in Lock I and Lock II are from single core of operative fact, since the complaint in Lock I was based on the defendant's failure to fund a replacement reserve in the amount of $146,000 and rent not paid through May of 2006, while the claim in Lock II is for rent not paid from June 2006 through August 2006. Lock Realty argues that it could not have brought its second claim for breach of the lease agreement until the rent came due in June, so the defendants' failure to pay constitutes a new cause of action.

The "same transaction" test determines the scope of the identity of the causes of action. "Under this test, a 'cause of action' consists of 'a single core of operative facts' which give rise to a remedy." Car Carriers, Inc. v. Ford Motor Co.,

---

[1] On June 21, 2006, judgment was entered against U.S. Health, Larry New, John Bartle and Rebecca Bartle in the amount of $485,430.56. On September 25, 2006, that judgment was amended to include Americare III.

3

789 F.2d 589, 593 (7th Cir. 1986) (*quoting* Alexander v. Chicago Park Dist., 773 F.2d 850, 854 (7th Cir. 1985)). Several Indiana cases have found that a successive claim for rents or payments due under a lease, mortgage or contract constitutes a new cause of action. *See* Afolabi v. Atlantic Mortg. & Investment Corp., 849 N.E.2d 1170, 1174 (Ind. App. 2006) ("We have held before, in the context of rent payments, that a claim for payments accruing subsequent to a previous judgment is considered a different cause of action."); Wedel v. American Elec. Power Service Corp., 681 N.E.2d 1122, 1131 (Ind.App. 1997) ("A claim for payments accruing subsequent to a previous judgment is considered a different cause of action."); Booher v. Richmond Square, Inc., 310 N.E.2d 89, 91 (Ind. App. 1974) (it is generally conceded that an action for rent will not lie until such rent is due and payable). A court applying Illinois law also held that the "plaintiff's claim to recover post-judgment rent was a new cause of action because it was based on different operative facts pertaining to the new rent cycle". Graebel/Los Angeles Movers, Inc. v. Johnson, 2006 U.S. Dist. LEXIS 8273, *17 (N.D. Ill March 1, 2006). The complaint in Lock II constitutes a new cause of action because it is founded on rent that came due after the entry of judgment in Lock I.[2]

---

[2] The defendants argue that since the lease at issue contains an acceleration clause that allows for all rent under the lease to be due and payable upon default, and since the complaint in Lock I demanded "full and prompt payment of all rents, charges, fees and additional payments," no new cause of action exists. "Here there is a single, continuing, breach of the lease agreement for which Lock obtained a judgment in the amount it requested." The defendants cite no authority for the proposition that if an acceleration clause is contained in a lease the leaseholder must not attempt to settle with the defaulter and instead recover all future rent due or else lose the right to sue for subsequent missed payments. Further, since this argument first appeared in the defendants' reply brief it is deemed waived for purposes of this motion. *See* Hart v. Transit Management of Racine, Inc. 426 F.3d 863, 867 (7th Cir. 2005) ("Arguments that first appear in a

Finally, the defendants argue that Lock Realty's complaint fails to state a claim against Americare, so Americare should be dismissed from the case. According to the defendants, Lock Realty has not alleged that Americare is a party to any contract, that it breached any contract, or that Americare is liable for damages due to breach of contract. In paragraph 12 of the amended complaint, Lock Realty alleges that U.S. Health assigned the lease at issue to Americare. Lock Realty then alleges that U.S. Health breached the lease. Further, in the September 25, 2006 opinion amending the judgment in Lock I to include Americare as a party, the court found adequate evidence to conclude that U.S. Health and Americare are both instrumentalities of a single enterprise controlled by the defendants. Therefore, Lock Realty's claims against U.S Health can also been seen as claims against Americare.

For the reasons stated above, the defendants motions to dismiss (Doc. Nos. 47-51) are DENIED.

SO ORDERED.

ENTERED:  January 29, 2007

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

---

reply brief are deemed waived.")