UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LOCK REALTY CORPORATION IX,      )
                                 )
            Plaintiff            )
                                 )
      v.                         )      CASE NO. 3:06-CV-487RM
                                 )
U.S. HEALTH, LP, et. al.         )
                                 )
            Defendants           )

<u>OPINION AND ORDER</u>

This is the second action alleging breach of lease, breach of guaranty and for immediate possession/ejectment arising out of Plaintiff Lock Realty's lease of a nursing home to defendant U.S. Health. In this suit, Lock Realty alleges that U.S. Health and its limited partners John Bartle, Rebecca Bartle and Larry New breached their lease by assigning it to Americare III contrary to the lease clause that prohibited such assignments without Lock Realty's written consent. Lock Realty further alleges that the defendants also breached their lease by failing to pay rent for the months of June, July and August in the total amount of $318,500.91. On October 3, 2006, Lock Realty filed its motion for summary judgment.

Summary judgment is appropriate when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding

whether a genuine issue of material fact exists, "the evidence of the non-movant

is to be believed, and all justifiable inferences are to be drawn in his favor."

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). No genuine issue of

material fact exists when a rational trier of fact could not find for the nonmoving

party even when the record as a whole is viewed in the light most favorable to the

nonmoving party. O'Neal v. City of Chicago, 392 F.3d 909, 910-911 (7th Cir.

2004). A nonmoving party cannot rest on the mere allegations or denials

contained in its pleading to overcome a motion for summary judgment. The

nonmoving party must point to enough evidence to show the existence of each

element of its case on which it will bear the burden at trial. Celotex v. Catrett, 477

U.S. 317, 322-323 (1986).

Lock Realty argues that the lease agreement at issue contains a savings

clause that allows Lock Realty to recover future rent even after the lease is

terminated. Under this clause, defendants' breach accelerated all net rent due

under the lease totaling $10,291,817.73.  The clause at issue states:

> The termination of this Lease by Landlord shall not affect Tenant's liability for Net Rent and other charges accruing or coming due thereafter and in such event, Tenant shall remain liable to Landlord for all damages provided for in law and under this lease resulting from Tenant's breach including, without limitation, the difference between the aggregate Net Rents reserved under the terms of this Lease for the balance of the term of the Lease together with all other sums payable hereunder as Net Rent for the balance of the term of the Lease, less the fair rental value of the Leased Premises for that period determined as of the date of such termination, which Net Rent shall automatically accelerate and become immediately due and payable.  For purposes of this paragraph, Tenant shall be deemed to include any guarantor or surety of the Lease.

Lock Realty argues that since the breach and subsequent granting of immediate possession have effectively terminated the lease agreement, the savings clause and the acceleration provision entitle Lock Realty to all future net rent as a matter of law, which equals $10,291,817.73.[1]

Lock Realty's argument includes no citation to any case in which similar damages were awarded under a savings/acceleration clause. Further, the damages clause is open to a second interpretation relied upon by the defendants in their response. The defendants read the clause to impose a three-step damages calculation: (1) the remaining net rent must be calculated by an expert qualified to testify on the consumer price index and present discount values; (2) an expert qualified to testify as to the lease's fair market value for the period of net rent must be determined; (3) the second number must be deducted from the first to determine whether any damages were sustained.

Lock Realty responds by pointing to the sentence in the damages clause directly proceeding the three-step calculation: "Tenant shall remain liable to Landlord for all damages provided for in law and under this Lease from Tenant's breach including, without limitation..." Lock Realty interprets this sentence — specifically the phrase "without limitation" — to belie the defendants' calculation since it would impose a limitation which the parties specifically negotiated out of the lease. It seems unlikely that two parties would include a specific damages

---

[1]This number was calculated using the present Net Rent increased by the Consumer Price Index and discounted to reflect its present value as of December 1, 2006.

calculation in their contract solely as an example of one way of calculating damages in the case of a breach. It seems more likely that the phrase "without limitations" modifies the phrase "Tenant shall remain liable to Landlord for all damages," leaving open the possibility that the landlord could recover other damages, beyond net rent, in the case of a breach. The defendants' interpretation of the damages clause is more persuasive, but since the defendants have not moved for summary judgment there is nothing left for the court to do at this time.

For the reasons stated above, the court DENIES Lock Realty's motion for summary judgment (Doc. No. 17).

SO ORDERED.

ENTERED:     February 6, 2007

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

4