UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LOCK REALTY CORPORATION IX,  )
                              )
            Plaintiff         )
                              )
    v.                        )   CASE NO. 3:06-CV-487RM
                              )
U.S. HEALTH, LP, et. al.      )
                              )
            Defendants        )

OPINION AND ORDER

This is the second action before this court alleging breach of lease, breach of guaranties and for immediate possession/ejectment arising out of plaintiff Lock Realty's lease of a nursing home to defendant U.S. Health. The defendants have moved to dissolve the November 17, 2006 injunction. For the reasons stated below, the court grants that motion.

On November 2, 2005, Lock Realty brought suit against U.S. Health, Mr. New, Mr. Bartle and Ms. Bartle alleging breach of a lease (*Lock I*). Following a settlement, judgment was entered for Lock Realty. On August 8, 2006, Lock Realty filed a second suit against these defendants based on a breach of the same lease that occurred after the settlement between the parties (*Lock II*). On September 25, the *Lock I* judgment was amended to add Americare as a defendant and to have the previous judgment enforced against it.[1] While the *Lock I* judgment remained

---

[1] The court found it appropriate to add Americare as a defendant because Lock had shown that U.S. Health failed to disclose that the lease had been assigned to Americare and because U.S. Health and Americare were essentially a single business enterprise: both shared the same business address, had the same registered office, shared common corporate officers, and engaged in

unpaid, U.S. Health sold four of its nursing homes to a third party for approximately $3 million and transferred these funds to a related entity. This prompted Lock Realty to file a motion to enjoin the sale or transfer of assets by the defendants.

> IND. CODE § 34-25-2-1(b) states:
>
> The plaintiff may attach property when the action is for the recovery of money and the defendant:
>
> * * *
>
> (5) has sold, conveyed, or otherwise disposed of the defendant's property subject to execution, or permitted the property to be sold with the fraudulent intent to cheat, hinder, or delay the defendant's creditors.

Relying on this statute, Magistrate Judge Nuechterlein in his report and recommendation found that a permanent injunction was appropriate since Lock had presented evidence that defendants' sale of the nursing homes in question exhibited several of the common law badges of fraud. First, property was transferred while *Lock II* was pending and while U.S. Health failed to satisfy a judgment from *Lock I*. Second, U.S. Health had reduced its assets by $3 million with the sale of the four facilities. Third, the property transferred would be subject to execution by Lock. Fourth, even though U.S. Health contends that the transaction had been pending since July of 2005, the proximity of the sale suggested otherwise. Finally, U.S. Health had retained the benefits of the transferred property because the proceeds were given to another entity in the U.S.

---

identical lines of business.

Health enterprise. Therefore, Magistrate Judge Nuechterlein was persuaded that most of the common law badges of fraud were present, that U.S. Health had acted with fraudulent intent and recommended to this court that Lock's motion to enjoin be granted. On November 17, this court adopted this recommendation and ordered Lock Realty to post a bond in the amount of $100,000.

When the injunction was granted, the court was concerned with the defendants' sale of assets while the *Lock I* judgment remained outstanding; these concerns are no longer present. In the eight months since the injunction went into effect, the defendants have satisfied the *Lock I* judgment. The court has granted the defendants' four motions for permission to sell, transfer, or develop assets in Indiana, and no evidence has been presented to suggest that any of the defendants' undertakings were done with the fraudulent intent to cheat or hinder their creditors. Additionally, in its response to this motion, Lock Realty was unable to point to any continuing threat by the defendants to liquidate their holdings at their creditors' expense. Because circumstances have changed and there is no evidence before the court of any ongoing fraudulent activity on the defendants' part, the court concludes that the injunction should be lifted.

For the reasons stated above, the defendants' motion to dissolve the November 17, 2006 injunction (Doc. No. 120) is GRANTED. Since the injunction is no longer in effect, defendants' motion to reconsider court's order of November

17, 2006 (Doc. No. 72), plaintiff's motion for limited relief from pre-judgment attachment order (Doc. No. 141) and defendants' motion for order allowing the refinancing of certain properties (Doc. No. 168) are DENIED as moot.

SO ORDERED.

ENTERED:   July 17, 2007

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court