UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| LOCK REALTY CORPORATION IX, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NO. 3:06-CV-487RM |
| | ) | |
| U.S. HEALTH, LP, et. al. | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

This is the second action before this court alleging breach of lease, breach of guaranties and for immediate possession/ejectment arising out of plaintiff Lock Realty's lease of a nursing home to defendant U.S. Health. Following a hearing on September 11, 2006, the court granted Lock Realty immediate possession of the nursing home in question. On May 4, Lock Realty moved for partial summary judgment, alleging that the defendants breached their lease by failing to pay rent for the period of June 1 through September 11, 2006, in the total amount of $371,249.30 with prejudgment interest on the past due rent accruing at a rate of $81.37 per diem. For the reasons stated below, the court grants Lock Realty's motion.

Summary judgment is appropriate when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding

whether a genuine issue of material fact exists, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). No genuine issue of material fact exists when a rational trier of fact could not find for the nonmoving party even when the record as a whole is viewed in the light most favorable to the nonmoving party. O'Neal v. City of Chicago, 392 F.3d 909, 910-911 (7th Cir. 2004). A nonmoving party cannot rest on the mere allegations or denials contained in its pleading to overcome a motion for summary judgment. The nonmoving party must point to enough evidence to show the existence of each element of its case on which it will bear the burden at trial. Celotex v. Catrett, 477 U.S. 317, 322-323 (1986).

Lock Realty and U.S. Health entered into a lease agreement that was guaranteed by Mr. New, Mr. Bartle and Ms. Bartle. The lease required that rent be paid "in advance of the first day of each and every month during the term" of the lease agreement. The lease further prohibited any assignment without Lock Realty's written consent. Lock Realty contends that the defendants have breached the lease by: (i) failing to pay rent for the period of June 1 through September 11, 2006; and (ii) by assigning the lease to Americare despite the prohibition against assignment in the lease agreement. Mr. New, Mr. Bartle and Ms. Bartle each individually guaranteed the lease; since rent was not paid and the lease was assigned, Lock Realty also alleges that these defendants breached their guaranties.

The essential elements for a breach of contract action under Indiana law are: (1) the existence of a contract, (2) defendant's breach thereof, and (3) damages. Rogier v. American Testing and Engineering Corp., 734 N.E.2d 606, 614 (Ind. Ct. App. 2000). The defendants don't contest the breach, but instead argue that Lock Realty hasn't proven any damages. The defendants argue that any amount the defendants owe to Lock Realty under the lease was set off by the escrow accounts, consumables, and other assets from which Lock Realty has benefitted since taking possession of the nursing home. The defendants state that before the lease's inception, Lock Realty set up escrow accounts for the nursing home which currently hold funds belonging to the defendants and Lock Realty is using these funds. The defendants claim that the cash in these accounts exceeds the amount of past due rent. The defendants also have prepaid taxes for the nursing home and have yet to be reimbursed by Lock Realty. In addition, Lock Realty is holding payments remitted to Lock Realty for patient care the defendants provided. Lastly, the defendants have yet to be reimbursed for consumables and personal property as was ordered by this court in its immediate possession order.

The defendants might have been entitled to a setoff had they pleaded this affirmative defense within the time allotted. Federal Rule of Civil Procedure 8(c) states: "In pleading to a preceding pleading, a party shall set forth affirmatively…any other matter constituting an avoidance or affirmative defense." The defendants' right to setoff needed to be pleaded in their answer to Lock Realty's complaint. "Unless a different time is prescribed…a defendant shall serve

3

an answer (A) within 20 days after being served with the summons and complaint." FED. R. CIV. P. 12(a)(1). Rule 12(a)(4)(A) allows a tolling of the time to file a responsive pleading until ten days after the court denies any motion made pursuant to Rule 12, but in this case, no answer was filed to the amended complaint until almost five months after the defendants' motions to dismiss were denied and six days after their response to Lock Realty's motion for partial summary judgment was filed.

Lock Realty originally filed a complaint and issued a summons as to U.S. Health, Mr. New, Mr. Bartle and Ms. Bartle on August 8, 2006. On August 24, the defendants moved for extension of time to file a response, and the court granted the defendants until September 30 to file their answer. On September 1, Lock Realty filed an amended complaint adding as a defendant Americare and a summons was issued. The defendants all filed motions to dismiss the amended complaint on October 10, and those motions were stricken for failure to file a memorandum in support of the motion. The defendants filed motions to dismiss with the accompanying memoranda in support on November 8; the court denied those motions on January 29. The defendants did not answer the amended complaint until June 12.

"Federal Rule of Civil Procedure 8(c) requires that defendants raise all affirmative defenses that will defeat the allegations in the complaint in a responsive pleading. We have stated numerous times that if a defendant does not raise defenses at the time of filing an answer, those defenses are deemed waived."

4

Castro v. Chicago Housing Authority, 360 F.3d 721, 735 (7th Cir. 2004). Since the right to a setoff is an affirmative defense it must be raised in a timely answer. *See* Trustees of the Chicago Painters & Decorators Pension, Health & Welfare & Deferred Sav. Plan Trust Funds v. Darwan, 2006 WL 897942, *4 (N.D. Ill. Mar. 31, 2006) ("Setoff is an affirmative defense that must be raised at the time an answer is filed, or it is waived."). Since the defendants didn't file a timely answer and instead waited until after Lock Realty had moved for partial summary judgment to raise an affirmative defense, they have waived their right to setoff. As the court of appeals stated: "if Rule 8(c) is not to become a nullity, we must not countenance attempts to invoke such defenses at the eleventh hour, without excuse and without adequate notice to the plaintiff." Castro v. Chicago Housing Authority, 360 F.3d 721, 735 (7th Cir. 2004).

Since both sides have conceded that the lease was breached and Lock Realty has shown damages in the form of unpaid months of rent, the court GRANTS Lock Realty's motion for partial summary judgment (Doc. No. 137).

SO ORDERED.

5

ENTERED:  March 25, 2008

                                                /s/ Robert L. Miller, Jr.
                                                Chief Judge
                                                United States District Court