UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LOCK REALTY CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:06-CV-487 RLM |
| | ) |
| U.S. HEALTH L.P., *et. al..*, | ) |
| | ) |
| Defendants. | ) |

**ORDER AND OPINION**

On July 30, 2008, Plaintiff, Lock Realty Corp. ("Lock Realty"), filed a motion to compel. On August 14, 2008, Defendants, U.S. Health L.P., Larry M. New, John W. Bartle, Rebecca J. Bartle, and Americare Living Centers III, LLC ("U.S. Health"), filed a response. On July 22, 2008, Lock Realty followed a reply. For the following reasons, Lock Realty's motion to compel is **GRANTED**. [Doc. No. 239].

I. **RELEVANT BACKGROUND**

On March 7, 2008, Lock Realty submitted interrogatories to U.S. Health. On April 9, 2008, U.S. Health was obligated to provide Lock Realty with its signed responses. See Fed. R. Civ. P. 33(b)(2)-(3) (responses to interrogatories are due thirty days after they are served on an opposing party). Lock Realty failed to provide the responses on that day. Instead, on May 30, 2008, nearly a month-and-a-half after the responses were date, Lock Realty inquired when it could expect to receive responses to its interrogatories. On June 10, 2008, U.S. Health sent responses to Lock Realty, but included several objections suggesting that some of the information requested was not relevant. On June 24, 2008, Lock Realty sent a letter requesting more complete responses to U.S. Health's responses. On July 9, 2008, the parties conferred and U.S. Health agreed to supplement their responses. On July 21, 2008, U.S. Health faxed unsigned

responses to Lock Realty. On July 23, 2008, Lock Realty sent another letter to U.S. Health requesting more complete responses and detailing Lock Realty's perceived deficiencies to the supplemental responses. Further, Lock Realty gave U.S. Health until July 30, 2008 to respond to its letter. U.S. Health did not attempt to confer with Lock Realty nor did it send supplemental responses. Consequently, on July 30, 2008, having made several attempts to informally resolve the matter, Lock Realty filed a motion to compel. In its motion, Lock Realty requested that this Court strike U.S. Health's unsigned answers to its interrogatories, compel more complete responses, and order U.S. Health to pay the attorney's fees associated with filing its motion. On August 14, 2008, U.S. Health responded to Lock Realty's motion, indicating that it sent Lock Realty complete interrogatory responses on August 11, 2008. On August 22, 2008, Lock Realty filed a reply, arguing that U.S. Health's delayed responses were similarly unsigned and incomplete. This Court may rule on this motion pursuant to the parties consent and 28 U.S.C. § 636(c)(1).

**II.    APPLICABLE LAW**

Fed. R. Civ. P. 26 (b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26 (b)(1). For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Chavez v. Daimler Chrysler, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351(1978)).

This Court has broad discretion when deciding whether to compel discovery and may deny discovery to protect a party from oppression or undue burden. Fed. R. Civ. P. 26(c); Sattar v. Motorola, Inc., 138 F.3d 1164, 1171 (7th Cir. 1998) ("[D]istrict courts have broad discretion in matters related to discovery."); Gile v. United Airlines, Inc., 95 F.3d 492, 495-96 (7th Cir. 1996) ("The district court exercises significant discretion in ruling on a motion to compel."). In ruling on a motion to compel, "a district court should independently determine the proper course of discovery based upon the arguments of the parties." Gile, 95 F.3d at 496.

### III. LEGAL ANALYSIS

Lock Realty alleges that U.S. Health failed to provide complete responses to interrogatories, despite the fact that it had given U.S. Health numerous opportunities to supplement their answers. In response, U.S. Health does not argue that it failed to meet the original deadline to submit answers to interrogatories, as established by Fed. R. Civ. P. 33(b)(2)-(3). Further, U.S. Health does not dispute that it took several months and numerous attempts to supplement their responses and that several of their responses were unsigned. In sum, U.S. Health does not articulate any explanation for its repeated delay in responding to Lock Realty's interrogatories. Indeed, U.S. Health's only "argument" is that it attempted to provide complete responses on August 11, 2008, four months after its responses were originally due and twelve days after Lock Realty filed its motion to compel. Absent any legitimate objections or arguments, U.S. Health must produce complete responses that Lock Realty requests. See Fed. R. Civ. P. 26(b)(2) (delineating legitimate grounds to objecting to discovery).

In addition, Fed. R. Civ. P. 26(g)(2) states in relevant part,

> If a request, response, or objection is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the party making the request . . .

Fed. R Civ. P. 26(g)(2). Lock Realty has submitted numerous examples in which U.S. Health failed to sign its responses, including the most recent response, which U.S. Health proffers as having fulfilled its obligation to completely respond to Lock Realty's interrogatories. As such, this Court strikes all of Lock Realty's unsigned responses.

Further, Fed. R. Civ. P. 33(b)(4) states,

> All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.

Fed. R. Civ. Pr. 33(b)(4). Accordingly, because U.S. Health failed to object to Lock Realty's interrogatories in a timely manner, submitting its responses and objections nearly a month-and-a-half after they were due, and because U.S. Health has failed to show good cause for its delay, any objections that U.S. Health may have had to Lock Realty's interrogatories are waived.

Consequently, Lock Realty's motion to compel complete responses to interrogatories is **GRANTED**. U.S. Health is **ORDERED** to provide complete, signed responses to each of Lock Realty's interrogatories, without objections, by **October 7, 2008**. In addition, Lock Realty has until **October 7, 2008**, to file a bill of costs with this court indicating the fees and costs in bringing this motion. U.S. Health has until **October 15, 2008** to object to Lock Realty's bill of costs.

**SO ORDERED.**

Dated this 22nd Day of September, 2008.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge