UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LOCK REALTY CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:06-CV-487 RLM |
| ) | |
| U.S. HEALTH L.P., *et. al.*., ) | |
| ) | |
| Defendants. ) | |

**ORDER AND OPINION**

On July 29, 2008, U.S. Holding LLP ("U.S. Holding") filed a motion to intervene. On the same day, U.S. Holding also filed a motion to compel assets. On August 13, 2008, Plaintiff, Lock Realty Corp. ("Lock Realty"), filed a motion to strike U.S. Holding's motions. On August 27, 2008, U.S. Holding filed a response. On September 9, 2008, Lock Realty filed a reply. For the following reasons, U.S. Holding's motion to intervene is **DENIED**. [Doc. No. 231]. As a result, U.S. Holding's motion to compel and Lock Realty's motion to strike are **DENIED AS MOOT**. [Docs. Nos. 232 and 235].

**I.    RELEVANT BACKGROUND**

On April 11, 2008, discovery in this case closed. On May 23, 2008, Healthcare Services Group, Inc. ("Healthcare") entered into an assignment agreement with U.S. Holdings to collect on an debt that is allegedly owed to Healthcare by Americare Living Centers III LLC ("Americare").[1]  Both Healthcare and Americare are already parties in this litigation; Healthcare

---

[1] In support of its argument that Americare currently owes a debt to Healthcare, U.S. Holding cites to this Court's previous orders. For instance, U.S. Holding cites this Court's previous order, in which intervenor Healthcare was determined to have a perfected security interest in Americare's account receivables. [Doc. No. 108 at 5-6]. In addition, U.S. Holding cites this Court's order, in which Americare was ordered to pay over assets to Healthcare. [Doc. No. 162]. While it appears that Americare paid the full amount ordered by this Court, U.S. Holding argues that Americare owes additional debt to Healthcare for services provided after the entry of this Court's previous order. U.S. Holding additionally argues that Lock Realty is ultimately responsible for payment, alleging that Lock

is an intervenor, and Americare is a Defendant and Counter Claimant.  On May 30, 2008, the deadline for filing dispositive motions passed.

On July 29, 2008, U.S. Holding filed a motion to intervene.  On the same day, U.S. Holding also filed a motion to compel, requesting that Americare be ordered to pay over assets in satisfaction of the debt.  U.S. Holding argues that its seeks intervention for the sole purpose of collecting a debt owed to Healthcare on behalf of Healthcare.  On August 13, 2008, Plaintiff, Lock Realty Corp. ("Lock Realty"), filed a motion to strike U.S. Holdings motions, arguing that the U.S. Holding failed to state a legal basis for intervention.  On August 27, 2008, U.S. Holding filed a response.  On September 9, 2008, Lock Realty filed a reply.  This Court may rule on this motion pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

**II.    ANALYSIS**

Lock Realty points out that U.S. Holding does not assert whether it seeks mandatory intervention under Fed. R. Civ. P. 24(a) or permissive intervention under Fed. R. Civ. P. 24(b).  In any case, Lock Realty argues that U.S. Holding has not satisfied its burden to justify intervention under either rule.  This Court agrees.

1. <u>Mandatory Intervention</u>

In the absence of a statutory right to intervene, a party seeking mandatory intervention under Fed. R. Civ. P. 24(a) must satisfy four criteria: (1) the motion must be timely filed; (2) the intervenor must have an interest relating to the subject matter of the main action; (3) the disposition of the action must potentially impair the intervenor's interest; and (4) the existing parties must fail to adequately represent the interest.  <u>Ligas ex rel. Foster v. Maram</u>, 478 F.3d

---

Realty currently holds Americare's accounts receivable. <u>See</u> Doc. 232 at 1-2.

771, 773 (7th Cir. 2007) (citing Fed. R. Civ. P. 24(a)(2)); Koester v. Amergen Energy Co., LLC, 2008 WL 879459 at *4 (C.D.Ill. 2008).

First, whether a motion is timely depends on: (1) the length of time the intervenor knew or should have known of its interest in the case; (2) the prejudice intervention will create for the original parties; (3) the prejudice to the intervenor if its motion is denied; and (4) other unusual circumstances. Koester, 2008 WL 879459 at *4. The purpose of the timeliness requirement "is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal." Caplinger v. Scott, 2008 WL 2691724 at *2 (N.D.Ind. 2008).

The timing of U.S. Holding's motion is late coming and would likely prejudice the existing parties in the prompt resolution of this case. See Fed. R. Civ. P. 1 ("[These rules] shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."). U.S. Holding filed its motion to intervene nearly two years after the original complaint was filed. In addition, U.S. Holding's motion was filed nearly a month-and-a-half after the close of discovery and only a week before the deadline for filing dispositive motions. See Doc. No. 193. Indeed, at the time U.S. Holding filed its motion, the parties had already filed cross motions for summary judgment.

Additionally, this Court notes that the timing of U.S. Holding's motion to intervene is unusual. Healthcare is already an intervenor in this action. However, on May 23, 2008, only a week before the dispositive motions deadline, Healthcare entered into the assignment agreement with U.S. Holding "to permit U.S. Holding to enforce the rights of Healthcare [in] . . . the Lock Litigation." See Doc. No. 232 at 6. Further, Lock Realty's asserts that the relief U.S. Holding seeks is identical to the relief requested in the Defendants' counterclaim As such, Lock Realty

3

argues that U.S. Holding's attempted intervention is merely a surreptitious effort by the Defendants to seek "an expedited ruling on their counterclaim." In response, U.S. Holding is silent to Lock Realty's characterization of its interest in intervention. Without addressing, Lock Realty's speculation as to motives, all of this suggests that the interest U.S. Holding asserts is already represented in the present litigation and has been for some time.

Second, U.S. Holding states that it seeks intervention for the "sole purpose" of asserting the interests of Healthcare, a previously established intervenor party; claims which U.S. Holding asserts have already been litigated in this action. As such, U.S. Holding articulates a purpose that is related to the subject matter of the litigation. However, somewhat strangely, U.S. Holding does nothing to articulate how its *own* interest would be impaired if it is denied intervention. Instead, U.S. Holding *denies* any interest of its own in the action, instead, fervently arguing that is seeks only to enforce the rights of intervenor party Healthcare.

Third, U.S. Holding does nothing to suggest that Healthcare can not assert its own interest without U.S. Holding's intervention. Nowhere in U.S. Holding's briefs does U.S. Holding suggest that Healthcare relinquished its rights as a result of the assignment agreement. Further, a closer inspection of the assignment agreement reveals that Healthcare can unilaterally terminate the agreement with only ten days notice. See Doc. No. 232 at 9. Thus, even if U.S. Holding *had* articulated that Healthcare could no longer assert its own rights, the express terms of the agreement suggest that Healthcare could regain those rights relatively quickly and easily. As such, U.S. Holding fails to argue that the interests it seeks to assert are not adequately represented by the existing parties. Indeed, Courts presume adequate representation where the intervenor and an existing party have the same goal. Koester, 2008 WL 879459 at *5. Consequently, U.S. Holding fails to meet the criteria necessary to establish intervention as a right under Fed. R. Civ. P. 23(a).

2. <u>Permissive Intervention</u>

Permissive intervention is within the discretion of the district court where the applicant's claim and the main action share common issues of law or fact and there is independent jurisdiction. <u>Ligas,</u> 478 F.3d at 775. This Court has broad discretion to determine whether to allow permissive intervention but must consider whether the intervention will cause undue delay or will prejudice the original parties' rights. <u>Caplinger</u>, 2008 WL 2691724 at *1 (<u>citing</u> Fed. R. Civ. P. 12(b)(3)). In addition, this Court must consider the nature and extent of the intervener's interest, whether such interests are adequately represented by other parties, and whether the intervener will contribute to the full development of the underlying factual issues. <u>Harder v. Village of Forest Park</u>, 2005 WL 3078096 at *3 (N.D. Ill. 2005).

This Court has already determined that U.S. Holding's motion was not timely filed. The motion was filed in the later stages of this litigation, after the completion of discovery and near the deadline for filing dispositive motions. Allowing intervention at this stage would likely prejudice the existing parties who have already filed cross motions for summary judgment. Had this Court determined that permissive intervention was warranted, U.S. Holding's intervention would likely require both the reopening of discovery and the further extension of deadlines. Indeed, Lock Realty suggests that such an extension would be necessary in order for Lock Realty to adequately dispute the debt to which U.S. Holding claims it is entitled.

Similarly, this Court has also already determined that U.S. Holding's interest is identical to Healthcare's interest. Healthcare is already a party to this litigation, and U.S. Holding has not clearly articulated why Healthcare can not assert its own interest, absent U.S. Holding's intervention. As such, this Court finds that U.S. Holding should not be permitted to intervene under Fed. R. Civ. P. 24(b).

**III.  CONCLUSION**

Because U.S. Holding has not established that it qualifies for intervention under either mandatory or permissive intervention, U.S. Holding's motion to intervene is **DENIED**. [Doc. No. 231].  As a result, U.S. Holding's motion to compel and Lock Realty's motion to strike are **DENIED AS MOOT**.  [Docs. Nos. 232 and 235].

**SO ORDERED.**

Dated this 1st Day of October, 2008.

S/Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge