UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LOCK REALTY CORPORATION IX, | ) |
| Plaintiff | ) ) ) |
| v. | ) CASE NO. 3:06-CV-487RM ) |
| U.S. HEALTH, LP, et. al. | ) ) |
| Defendants | ) |

OPINION AND ORDER

This matter is before the court on Lock Realty Corporation's motion to reconsider this court's September 14, 2009 rulings on summary judgment. Lock asks the court to reconsider its order granting the defendants' motion to strike certain portions of Jean Tipton's expert report and order denying Lock's motion for leave to supplement the record.

Federal Rule of Civil Procedure 54(b) provides that a court may alter or amend an interlocutory order any time before entry of final judgment. *See* Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."). Unlike a motion to reconsider a final judgment, which must meet the requirements of Federal Rules of Civil Procedure 59 or 60, "a motion to reconsider an interlocutory order may be entertained and granted as justice requires." Akzo Coatings, Inc. v. Aigner Corp., 909 F. Supp. 1154, 1160 (N.D. Ind. 1995).

Reconsideration of an interlocutory order may be appropriate when the facts or law on which the decision was based change significantly after issuance of the order, or when the court has misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. <u>Bank of Waunakee v. Rochester Cheese Sales, Inc.</u>, 906 F.2d 1185, 1191 (7th Cir. 1990). "These grounds represent extraordinary circumstances, and the granting of a motion to reconsider is to be granted only in such extraordinary circumstances . . . Indeed, the court's orders are not mere first drafts, subject to revision and reconsideration at a litigant's pleasure." <u>United States Securities and Exch. Comm'n v. National Presto Indus., Inc.</u>, No. 02-C-5027, 2004 WL 1093390, at *2 (N.D. Ill. Apr. 28, 2004). Motions to reconsider serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence." <u>Caisse Nationale de Credit Agricole v. CBI Indus., Inc.</u>, 90 F.3d 1264, 1269 (7th Cir.1996). A party seeking reconsideration can't introduce new evidence or legal theories that could have been presented earlier or simply rehash previously rejected arguments. <u>Id.</u>; *see also* <u>Atchley v. Heritage Cable Vision Assoc.</u>, 926 F. Supp. 1381, 1383-1384 (N.D. Ind. 1996) (stating that a motion to reconsider cannot simply recast and clarify arguments that have already been presented to and considered by the court).

In its motion to reconsider, Lock renews previously rejected arguments. To the extent Lock raises new arguments, those arguments should have been raised during briefing of the relevant motions. Lock filed its motion to reconsider nearly

2

four months after this court's ruling; no justification is given for such a long delay. After carefully reviewing its September 14, 2009 order and considering Lock's motion to reconsider, the court finds no showing that either the order striking Ms. Tipton's report or the order denying Lock's motion for leave to supplement constitute a manifest error of law or fact. When ruling, the court understood Lock's arguments and based its decisions on the adversarial issues presented. Further, the facts and law on which the court's decision was based haven't changed significantly after issuance of the order. Lock's motion to reconsider (doc. # 275) is therefore DENIED.

SO ORDERED.

ENTERED:  January 13, 2010

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court