UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LOCK REALTY CORPORATION IX, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) CASE NO. 3:06-CV-487RM |
| | ) |
| U.S. HEALTH, LP, et. al. | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

This court entered an opinion and order on September 14, 2009 addressing, among other things, the defendants' motion to reconsider this court's earlier summary judgment order. The court reconsidered the earlier ruling and allowed the defendants to assert setoff in this action. The court reasoned that Lock was aware of the defendants' intention to plead setoff and because the defendant had filed a counterclaim seeking to recover similar damages, it was in the interests of judicial economy to consider the defendants' setoff claims when determining damages in this action. The court noted that Lock is entitled to $371,249.30, plus interest for past due rent and that the defendants are entitled to setoff the $63,000 consumables retained by Lock against this amount. The defendants also sought setoff for prepaid taxes on the property and monies received for services the defendants rendered while they possessed the nursing home facility, but Lock hadn't addressed those claims, so the court provided Lock with an opportunity to

file a response and defendants with an opportunity to file a reply. The parties have filed their respective briefs and this matter is now ready for ruling.

The court assumes the reader's familiarity with the September 14, 2009 opinion and order. In that order, the court found that Lock's damages for future rent are limited to the security deposit and replacement reserve, generally referred to as escrow accounts. Lock therefore is entitled to retain the security deposit, but isn't entitled to additional recovery for actual damages. In their counterclaim, the defendants sought recovery for the value of (1) the funds held in escrow; (2) prepaid taxes; (3) personal and intellectual property; (4) consumables and supplies; and (5) payments on behalf of patients while they were in possession of the facility. The defendants have informed the court that Centennial Mortgage held the taxes as part of the escrow funds, so they have no claim to the tax escrow under the court's September 14, 2009 order. Accordingly, in the September 14 order, this court addressed and resolved setoff for the first (escrow), second (taxes) and fourth (consumables and supplies) items.

The defendants claim entitlement to money Lock received for services they rendered while operating the nursing home facility. Lock attaches an affidavit from William Centers, Lock Realty's president, stating that after taking possession of the nursing home facility pursuant to the September 14, 2006 order, Medicaid required Lock Realty to use the same provider number as the defendants. Incident to that use, Mr. Centers states that Lock Realty was charged for liabilities that the defendants incurred and credited for services provided by the defendants while

2

utilizing that number. As of September 2009, Mr. Centers states that Lock has received credits in the amount of $61,298.65, but has been charged $163,334.96 for prior overpayments to the defendants.

The defendants respond by stating that Lock previously provided them with a spreadsheet indicating that it collected $84,714.00 for services the defendants provided. As such, the defendants argue that Lock's figures differ from those set forth during discovery and aren't supported with documentation. The defendants further state that Lock hasn't repaid anything to Medicaid because the rate adjustments failed to include items such as rent and are currently on appeal. The defendants conclude that they are therefore entitled to setoff in the amount of $84,714.00.

There are genuine issues of material fact as to the amount of setoff, if any, the defendants are entitled for payments Lock received from Medicaid. This claim cannot be resolved without an evidentiary hearing.

The defendants also seek setoff for personal and intellectual property left at the nursing home facility, including the Indiana Medicaid provider numbers Lock is using for the facility, computers, software and a phone system. The September 14 order didn't ask Lock to address the personal or intellectual property, so Lock didn't brief that issue. The court therefore cannot resolve defendants' claim for setoff with respect to these items.

By separate order, the court will set this matter for scheduling conference for the purposes of setting a date for bench trial on all remaining issues.

SO ORDERED.

ENTERED:  January 19, 2010 

	/s/ Robert L. Miller, Jr.	
Chief Judge
United States District Court